# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Cha Tony Vue*
Case No. 3:14-cr-00024-TMB-1

By:             THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Cha Tony Vue's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A) (the "Motion").[1] Vue argues his health conditions, both preexisting and those caused as a result of contracting the novel coronavirus ("COVID-19"), provide extraordinary and compelling bases for a sentence reduction.[2] The United States opposes the Motion.[3] For the reasons discussed below, the Motion is **DENIED**.

On June 16, 2014, Vue pleaded guilty to participating in a Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).[4] On March 17, 2015, the Court sentenced Vue to the mandatory statutory minimum of 120 months imprisonment, to be followed by five years of supervised release.[5] He is currently in custody at Fort Worth Federal Medical Center ("Fort Worth FMC") in Texas and has a projected release date of September 12, 2022.[6]

In his Motion, Vue argues that he can establish extraordinary and compelling circumstances for a sentence reduction due to certain underlying health conditions, including obesity, high blood pressure, and high cholesterol, which put him at an increased risk for severe illness from COVID-19.[7] Vue states that he contracted COVID-19 in August 2020, and subsequently recovered but faces lingering symptoms caused by the virus.[8] These "long hauler" symptoms include "shortness of breath, exhaustion, general fatigue, roughness in the chest, and a piercing pain in the lungs," as

---

[1] Dkt. 118 (Motion). Vue previously filed an ex parte *pro se* "Motion for Sentence Reduction" while still represented by counsel. Dkts. 114-1 (Pro Se Motion); 114 (Ex Parte Order); *see also* Dkt. 118 at 1.

[2] Dkt. 118 at 1–7.

[3] Dkt. 122 (Opposition).

[4] Dkts. 64 (Plea Agreement); 65 (Sealed Add. to Plea Agreement); 66–67 (Minute Entries); 16 (Indictment).

[5] Dkts. 109 (Minute Entry); 111 (Judgment).

[6] Dkts. 127 (United States Probation & Pretrial Services ("USPO") Report); 118 at 1; 122 at 3.

[7] Dkt. 118 at 4, 14–15. Additionally, Vue notes that he received surgery for glaucoma in 2014 and has suffered from depression. *Id.* at 4.

[8] Dkt. 118 at 1, 6. Vue states that at the facility where he believes he contracted COVID-19, no tests were given or offered to inmates, even after many inmates in his unit became very ill and were unable to eat, smell or taste. *Id.* at 6. Vue has since been tested for COVID-19 in 2021, and he tested negative. *Id.* at 7; *see also* Dkt. 120 at 11, 18 (Medical Records).

1

well as migraines and dizziness.[9] As of the filing of his Motion, Vue had not yet received a COVID-19 vaccine but was advised on April 4, 2021, that he was "on the list for the vaccine."[10] Vue argues that even if he is vaccinated, "questions remain about its efficacy," especially for individuals like Vue who are obese.[11] Vue cites to cases in which courts determined that "vaccination alone does not negate the possibility for [compassionate release] based on [COVID]-19 concerns."[12]

Vue acknowledges the severity of his crime but points out that he has served a significant portion—75%—of his sentence.[13] Vue argues he has been a "model inmate and has not lost any good time credit."[14] Vue also signed up for the Residential Drug Abuse Program ("RDAP"), has taken numerous courses, and has steadily held jobs while incarcerated.[15]

Vue is a citizen of Laos and acknowledges that as a result of his criminal conviction in this case, he "will lose his legal status" and "is subject to deportation."[16] However, he states that because the United States "does not have a transfer treaty with Laos," "he will remain in the USA for the time being."[17] He also notes that he is "a loved member of the Laotian community in Anchorage" and has the support of a "large and loving family" who will ease his transition back into society.[18] Finally, he asserts that he exhausted his administrative remedies because he submitted a written request for compassionate release to the warden of his facility on January 1, 2021.[19]

In opposition, the United States argues that the Court should deny the Motion because Vue has been vaccinated and cannot establish extraordinary and compelling circumstances.[20] The United States acknowledges that Vue's obesity may put him at a higher risk of severe complications should he contract COVID-19.[21] However, Vue has been fully vaccinated with a vaccine that has proven to be 95% effective in preventing COVID-19 infections.[22] The United States points to numerous recent decisions by courts concluding that once vaccinated against COVID-19, a defendant's argument that his susceptibility to the virus is "extraordinary and compelling" for purposes of compassionate release fails.[23] The United States also argues that Vue has not shown

---

[9] Dkt. 118 at 6–7 (internal quotation marks omitted).

[10] *Id.* at 8.

[11] *Id.*

[12] *Id.* at 13–14.

[13] *Id.* at 16–17.

[14] *Id.* at 8.

[15] *Id.* at 8, 17.

[16] *Id.* at 4, 9 (internal quotation marks and citation omitted).

[17] *Id.* at 9; *see also* Dkt. 127 at 2 (noting that the USPO contacted U.S. Immigration and Customs Enforcement "and a response remains pending").

[18] Dkt. 118 at 2, 17 (internal quotation marks and citation omitted).

[19] *Id.* at 9.

[20] Dkt. 122 at 3.

[21] *Id.* at 5–7.

[22] *Id.* at 7–9; Dkt. 127 at 2.

[23] Dkt. 122 at 9–13.

he can be safely released and argues the § 3553(a) factors do not weigh in favor of granting Vue's Motion.[24]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[25] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[26] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[27] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[28]

As a threshold matter, the Court finds that Vue exhausted his administrative remedies as required by statute. Vue submitted a request to Bureau of Prisons ("BOP") staff in January 2021, and 30 days have passed since his request.[29] The United States concedes that Vue has exhausted his administrative remedies.[30]

Moving to the merits, the Court finds that Vue has not established extraordinary and compelling reasons warranting a sentence reduction. According to his medical records, Vue has hypertension, or high blood pressure, and is obese with a body mass index ("BMI") of 30.6; both obesity and hypertension may, according to the Centers for Disease Control and Prevention ("CDC"), increase an individual's risk of severe illness from COVID-19.[31] Vue also reports experiencing dizziness and migraine headaches.[32] Supplemental medical records indicate that Vue received his second

---

[24] *Id.* at 14–15.

[25] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[26] 18 U.S.C. § 3582(c)(1)(A).

[27] 18 U.S.C. § 3582(c)(1); U.S.S.G. § 1B1.13. The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. Apr. 8, 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

[28] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).

[29] *See* Dkts. 118 at 5, 9; 118-1 (Staff Request).

[30] *See* Dkt. 122 at 3.

[31] Centers for Disease Control and Prevention, People with Certain Medical Conditions, Heart Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 16, 2021); Dkts. 118 at 5; 120 at 5, 7, 9, 15; *but see* Dkt. 120 at 37 (noting Vue is not obese); *see also* Dkt. 113 at 14 (Revised Final Presentence Investigation Report) (noting Vue was diagnosed with high blood pressure in 2011 and has since lost weight, which has helped with his blood pressure).

[32] Dkt. 120 at 1–2, 4, 7.

3

dose of the COVID-19 Pfizer-BioNTech vaccine on May 5, 2021.[33] As other courts have noted, "[t]he Pfizer vaccine has proven to be 95% effective in preventing infection and even more effective in preventing severe disease."[34] Additionally, Vue's medical conditions appear to be well managed as he is receiving regular care and has been prescribed medication.[35] Thus, the Court cannot conclude that Vue's current exposure risk to COVID-19 presents "extraordinary and compelling reasons" to justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A).[36] Furthermore, the risk of COVID-19 re-infection appears to be low. Fort Worth FMC currently has no active cases of COVID-19 among inmates or staff.[37] At Fort Worth FMC, 1008 inmates have been fully vaccinated according to recent BOP data.[38] And although Vue fears re-infection, according to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[39] Accordingly, Vue has not demonstrated that his hypertension, or any other medical condition, constitutes an extraordinary and compelling reason for a sentence reduction.

Vue has not made the required showing that his medical conditions are "extraordinary and compelling." As a result, the Court need not reach the merits of his § 3553(a) arguments.

Accordingly, for the foregoing reasons, the Motion at Docket 118 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 27, 2021.

---

[33] Dkt. 123-1 (Supp. Medical Records); *see also* Dkt. 127 at 2. The Court notes that although it instructed the United States to file the supplemental records under seal, no additional records were filed. Dkt. 125 (Text Order). Nevertheless, the United States attached the supplemental records to its Motion to Seal, Dkts. 123; 123-1, and the Court accepts the records as filed.

[34] *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (citing FDA Decision Memorandum, Pfizer – Dec. 11, 2020, https://www.fda.gov/media/144416/download).

[35] *See, e.g.*, Dkt. 120 at 5, 11–12.

[36] *See id.*; *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release to defendant with several chronic medical conditions when defendant had been fully vaccinated against COVID-19); *United States v. Del Rosario Martinez*, --F. Supp. 3d --, 2021 WL 956158 at *3 (S.D. Cal. Mar. 10, 2021).

[37] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp# (last visited July 26, 2021).

[38] Federal Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp# (last visited June 28, 2021).

[39] Centers for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 28, 2021).

4